# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD S. YAAG,<br><br>        Petitioner,<br><br>  v.<br><br>NETHANJAH BREITENBACH, *et al.*,<br><br>        Respondents. | Case No. 3:25-cv-00758-MMD-CLB<br><br>ORDER |

This habeas corpus action is brought under 28 U.S.C. § 2254 by pro se Petitioner Donald S. Yaag, an individual incarcerated at Nevada's Lovelock Correctional Center. Yaag challenges his Nevada state court convictions of nine counts of sexual assault on a victim under the age of fourteen, on which he is serving a sentence of life in prison without the possibility of parole. (ECF No. 1-1; *see also* Case No. 3:14-cv-00295-MMD-CLB at ECF No. 78.)

Yaag initiated this case on December 26, 2025. (ECF No. 1.) He paid the filing fee on March 30, 2026. (ECF No. 11.) Therefore, his habeas petition, motion for appointment of counsel, and motion for evidentiary hearing will be filed. The Court now screens Yaag's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court determines that this action must be dismissed, as it is successive, and Yaag has not obtained from the Court of Appeals the permission required to file a successive habeas petition.

The Court takes judicial notice of the proceedings in Yaag's prior habeas corpus action in this Court, in which he challenged the same convictions that he challenges in this case: Case No. 3:14-cv-00295-MMD-CLB. That case was initiated on June 6, 2014, and counsel was appointed for Yaag. Case No. 3:14-cv-00295-MMD-CLB at ECF Nos.

1, 41. On October 2, 2020, the Court granted the respondents' motion to dismiss and dismissed the action with prejudice on statute of limitations and procedural default grounds and denied Yaag a certificate of appealability. *Id.* at ECF Nos. 78, 79. Yaag appealed, and the Ninth Circuit Court of Appeals denied Yaag's request for a certificate of appealability. *Id.* at ECF No. 82. The Court of Appeals subsequently denied Yaag's motion for reconsideration and motion for reconsideration en banc. *Id.* at ECF No. 89. The United States Supreme Court, in turn, denied Yaag's petition for writ of certiorari and petition for rehearing. *Id.* at ECF Nos. 91, 93. Yaag then returned to this Court and filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60; the Court denied that motion and denied Yaag a certificate of appealability. *Id.* at ECF Nos. 94, 102. Yaag again appealed, and the Ninth Circuit Court of Appeals again denied Yaag's request for a certificate of appealability. *Id.* at ECF No. 105.

A habeas petitioner cannot file a successive petition in this Court unless the petitioner has obtained authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). This Court is without jurisdiction to entertain a successive petition absent such authorization. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). This habeas action is successive, and Yaag has not obtained authorization from the Court of Appeals to file it. The Court is therefore without jurisdiction to adjudicate Yaag's petition. This action must therefore be dismissed.

It is therefore ordered that this action is dismissed.

The Clerk of Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1), Motion for Appointment of Counsel (ECF No. 1-2), and Motion for Evidentiary Hearing (ECF No. 1-3).

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No.

2

1-2) and Motion for Evidentiary Hearing (ECF No. 1-3) are denied.

It is further ordered that Petitioner's Request for the Court's Intervention or Extension of Time (ECF No. 10) is denied as moot.

It is further ordered that, as reasonable jurists would not find this order to be debatable, Petitioner is denied a certificate of appealability.

The Clerk of Court is directed to enter judgment accordingly and close this case.

The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents, provide the Nevada Attorney General with copies of the habeas petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices of electronic filing. Respondents will not be required to appear or respond to the habeas petition in this case.

DATED THIS 9th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE